```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
                              **LEXINGTON**

MARY MARGARET POLLARD,            )
                                  )
                                  ) Civil Action No. 5:05-444-JMH
     Plaintiff,                   )
                                  )
                                  )
V.                                )
                                  ) **MEMORANDUM OPINION AND ORDER**
NOAH WOOD and                     )
LIBERTY MUTUAL FIRE INSURANCE     )
COMPANY,                          )
                                  )
     Defendants.                  )
                                  )

                    **      **      **      **      **

Before the Court is Defendant Liberty Mutual Fire Insurance Company's ("Liberty") motion to bifurcate and stay discovery on Plaintiff's bad faith claims [docketed as Record Nos. 13 & 14], to which Defendant Noah Wood ("Wood") responded with no objection [Record No. 15]. Plaintiff Mary Margaret Pollard ("Pollard") responded with objection to only the stay of discovery [Record No. 16] and Liberty replied [Record No. 19]. The matter is now ripe for review.

## I. Background

Plaintiff's complaint[1] alleges that on April 22, 2004, she was riding as a passenger in a vehicle headed southbound on Newtown Pike in Lexington, Kentucky. The vehicle stopped at a red light when Wood's vehicle, also traveling southbound, hit her vehicle

---

[1] Plaintiff's complaint was originally filed in Fayette Circuit Court and Defendants subsequently removed the action to this Court based on diversity jurisdiction.

from behind. Plaintiff alleges she suffered numerous physical injuries from the crash, including leg and soft tissue injuries. She also alleges that she missed a significant amount of work due to her injuries. Against Wood, the complaint asserts negligence claims for, among other things, traveling too fast when the crash occurred. Plaintiff seeks past and future medical bills and past and future lost income.

Plaintiff also sued Wood's insurance carrier, Liberty. She alleges that Liberty failed to settle her claim and asserts that the denial was in bad faith, in violation of Kentucky's Unfair Claims Settlement Practices Act and the Consumer Protection Act. She alleges that the willful denial of her claim entitles her to punitive damages.

Liberty filed the instant motion to bifurcate the liability claims against Wood and the bad faith claims against it. Additionally, Liberty moves the Court to stay discovery on the bad faith claims until the resolution of Wood's primary liability.

## II. Analysis

A.  **Liberty's Motion to Bifurcate the Claims**

Liberty argues that bifurcation is necessary in order to decrease the possible prejudice to Liberty and Wood from inserting the issue of insurance into the primary liability claims. Liberty also argues that bifurcation will decrease confusion of the two issues for the jury. Finally, Liberty argues that bifurcation will not prejudice Plaintiff because the bad faith claims are merely delayed until Plaintiff succeeds on the liability claims.

Pursuant to Federal Rule 42(b), "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue. . . ." Whether to try issues or claims separately is discretionary. *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d 743, 747 (6th Cir. 1996). Kentucky's highest court has recognized in cases where a third-party sues a tortfeasor for negligence and the insurance company for bad faith that while there is "no impediment to joinder of the claims in a single action, at trial the underlying negligence claim should first be adjudicated. Only then should the direct action against the insurer be presented." *Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993). The court recognized bifurcation as the appropriate because "[l]iability insurance should not be interjected needlessly into the trial of a negligence case." *Id*.

Plaintiff's response asserts that she "does not dispute that the leading authority in Kentucky demands that the trial issues of liability against the tortfeasor and bad faith claims against its insurance company must be bifurcated." (Pl.'s Resp. to Liberty's Mot. to Stay 2.) Because Plaintiff does not object to bifurcation and in accordance with *Wittmer*, the Court exercises its discretion to bifurcate the liability claims against Wood and the bad faith claims against Liberty. Trying the claims together would be severely prejudicial to Wood because it unnecessarily interjects the issue of insurance coverage into the primary dispute of liability. Bifurcation would extinguish this prejudice and would

also serve the interest of judicial economy and convenience because the bad faith claims against Liberty will not proceed unless Wood is first found liable. *See Wittmer,* 864 S.W.2d at 890 (bad faith claim requires the plaintiff to prove: 1) that the insurer had a obligation to pay; 2) that the insurer lacked a reasonable basis for denying benefits; and 3) that the insurer knew it lacked a reasonable basis or acted with reckless disregard in denying benefits); *Sculimbrene v. Paul Revere Ins. Co.*, 925 F. Supp. 505, 508 (E.D. Ky. 1996) (discussing elements of bad faith claim under Kentucky law). Therefore, the Court exercises its discretion to bifurcate the liability claims against Wood and the bad faith claims against Liberty.

**B.   Liberty's Motion to Stay Discovery**

Liberty also moves the Court to stay discovery on the bad faith claims until liability is established. Liberty argues that the Court should stay discovery of the claims against it because discovery of the insurance file will yield privileged information and necessarily prejudice Wood in his defense of the primary liability claim. Finally, Liberty argues that staying discovery will further judicial economy because a second trial and, thus, discovery on the bad faith claims, will not be necessary if Plaintiff does not succeed on the liability claims.

The decision whether to stay discovery until preliminary issues are decided is discretionary. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304-05 (6th Cir.

2003). In fact, "'[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Id.* at 304 (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). Stay is appropriate "where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Id.* (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

The parties did not cite any Kentucky cases that discuss whether staying discovery on bifurcated claims is encouraged or disfavored. It is clear, however, that the Court is not precluded from staying discovery in a matter such as this. For example, the Sixth Circuit recently found that it is within a district court's discretion to stay discovery on a bad faith claim in a first-party contract dispute brought by an insured against its insurer because "the merits of the bad faith claim depend[] on" the merits of the underlying contract claim. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). Even though this is a third-party insurance suit, the reasoning is applicable because the merits of Plaintiff's bad faith claims against Liberty depend on a finding of primary liability against Wood. *See Wittmer,* 864 S.W.2d at 890 (bad faith claim requires the plaintiff to prove the insured had an obligation to pay).

Other jurisdictions have also upheld and, in fact, encouraged staying discovery where bad faith claims are bifurcated. For example, Texas courts have bifurcated claims and discovery to save

time and resources from conducting discovery on bad faith claims that may not come to fruition if liability is not found and to prevent prejudice to the tortfeasor from discovery of the claims file. *F.A. Richard & Assocs. v. Millard*, 856 S.W.2d 765, 767 (Tex. Ct. App. 1993) (third-party case); *Md. Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 458 (Tex. 1982) (first-party case). Similarly, West Virginia has advocated bifurcating discovery in third-party bad faith actions in order to minimize the prejudice to the insured's defense. *State Farm Fire & Cas. Co. v. Madden*, 451 S.E.2d 721, 726 (W. Va. 1994). Montana advocates staying discovery in third-party cases because of the complicated privilege issues involved with discovery of the claims file and the potential prejudice to the insurer from defending against two lawsuits. *Fode v. Farmers Ins. Exch.*, 719 P.2d 414, 417 (Mont. 1986); *see also* Mont. Code Ann. § 33-18-242 (2005).

The Court agrees with the reasoning of these cases and finds that under the circumstances of this case, staying discovery of the bad faith claims would prevent prejudice to Defendants and would further judicial economy. Plaintiff's arguments in objection to staying discovery are not convincing.

Plaintiff first argues that the Court should not stay discovery because liability is not contested. However, Defendants' answers contest liability, as do Defendants' present motions and responses that are before the Court. Thus, Plaintiff has not shown how liability is uncontested.

Second, Plaintiff argues that staying discovery will be

prejudicial to her claim because it will delay the final resolution of the matter for at least another year after the conclusion of the liability phase. It is true that if the Court permitted discovery on the bad faith claims simultaneously with discovery on the negligence claims against Wood, the matter would be concluded faster because the second trial could begin immediately after the first. The interest in judicial economy is still greater in staying discovery, however, because a second trial (and, thus, discovery on the bad faith claims) will not be necessary if Plaintiff fails to prove liability.

Third, Plaintiff cites *Tharpe v. Illinois National Insurance Co.*, 199 F.R.D. 213 (W.D. Ky. 2001), for support. In *Tharpe*, the district court denied the insurer's motion to bifurcate the liability and bad faith claims. *Tharpe* was a first-party action where the primary issue was whether the submitted chiropractic charges were "reasonable medical expenses" and the issue of bad faith involved whether the insurer had a reasonable basis in fact or law for denying the claim. The court distinguished *Wittmer*, a third-party case, and held that bifurcation was not appropriate because the issues in *Tharpe* were "inextricably intertwined." *Id*. at 215. *Tharpe* is distinguished, however, because *Tharpe's* holding concerns whether to bifurcate claims instead of the specific issue involved in this case of whether to stay discovery when bifurcation of claims is granted. Further, the instant case is a third-party action where the issues of liability and bad faith are completely separate. In fact, *Tharpe* noted that "[t]he parties agree that

bifurcation is usually warranted in third-party actions in which the plaintiff asserts a claim for liability against a defendant and a claim for bad faith against the defendant's insurer." *Id*. at 214.[2]

Finally, Plaintiff argues that this Court should be "consistent with the Kentucky State Court opinions" that refuse to stay discovery. In support of this argument, Plaintiff has failed to cite a single case that has denied a stay under similar facts. Plaintiff only submitted a Fayette Circuit Court Order that refused to stay discovery. As Liberty points out, the Fayette Circuit Court Order does not include any analysis of why the court declined to stay discovery and does not include any relevant factual information. As such, the Order is not persuasive.

Therefore, the Court exercises its discretion to stay discovery until the resolution of the primary liability claims. Not only will the prejudice to Defendants be decreased and the resulting prejudice to Plaintiff from the delay be minimal, but judicial economy will be furthered by staying discovery because a second trial and a second set of discovery will not be necessary if Plaintiff fails to succeed on liability.[3]

---

[2] As noted *supra*, the Sixth Circuit recently found that it is within a district court's discretion to stay discovery on a bad faith claim in a first-party contract dispute brought by an insured against its insurer because "the merits of the bad faith claim depend[s] on" the merits of the underlying contract claim. *Smith*, 403 F.3d at 407.

[3] Because the Court finds that bifurcation of discovery furthers judicial economy, decreases prejudice to Liberty, and causes minimal prejudice to Plaintiff, the Court does not reach Liberty's arguments concerning the discovery of possibly privileged

### III. Conclusion

Accordingly and for the foregoing reasons, **IT IS ORDERED**:

(1) That Liberty's motion to bifurcate the negligence claims against Wood from the bad faith claims against Liberty [Record No. 13] be, and the same hereby is, **GRANTED**.

(2) That Liberty's motion to stay discovery of the bad faith claims against Liberty until resolution of the primary liability claims against Wood [Record No. 14] be, and the same hereby is, **GRANTED**.

This the 27th day of March, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge

---

information in the claims file and Plaintiff's arguments to the contrary.